UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE MARY J. PEREZ
_____

MARY J. PEREZ

                                                  CASE NO. 8:14-cv-2693-T-23TGW

       Plaintiff.
_____/

**ORDER**

Mary J. Perez, individually and on behalf of the Estate of Richard Perez Sr., petitioned (Doc. 1) for exoneration from, or limitation of, liability arising during a July 31, 2014 voyage. A February 18, 2015 order (Doc. 9) approves Perez's proposed notice to all persons that might possess a claim arising from the July 31 incident. Perez mailed (Doc. 14) and published (Docs. 15, 16) the notice to all potential claimants in compliance with Supplemental Rule F(4), Federal Rules of Civil Procedure. The clerk received five responses.[*]

---

[*] Christina K. Roddey, Benjamin D. Roddey, and their insurer, Ace American Insurance Company, answered (Doc. 20) and filed an amended claim. William B. Taylor, the Estate of Mary Louise Romeka Taylor, Daniel Mackay, and Paula B. Mackay. (Doc. 23 at 2) Letters were submitted by Debra Weber, Brian Weber, and Jordan Weber (Doc. 17-1); Kimberly D'Ascenzio, Domenico D'Ascenzio, and Brielle D'Ascenzio (Doc. 17-2); Cliff Weber (Doc. 19-1); and Paula Weiner (Doc. 21-1). Perez resolved claims asserted by

Perez moved (Doc. 23) for a default against all potential claimants who failed to timely submit a claim, including Jarod C. Capelato, Charles R. Anthony, Lasandra Anthony, Cassidy Smith, David R. Carter. On June 11, 2015, the clerk entered (Docs. 24–29) a default against Capelato, C. Anthony, L. Anthony, Smith, Carter, and any claimant who failed to plead or otherwise defend.

Perez moves (Doc. 30) for default judgment against the same persons. Supplemental Rule F(5) states:

> Claims shall be filed and served on or before the date specified in the notice provided for in subdivision (4) of this rule. . . . If a claimant desires to contest either the right to exoneration from or the right to limitation of liability the claimant shall file and serve an answer to the complaint unless the claim has included an answer.

A default judgment is "customary . . . as to all parties who may have claims which have not been asserted in the limitation action." 3 *Benedict on Admiralty* § 12 (7th ed. rev. 2013); *see Tex. Gulf Sulphur Co. v. Blue Stack Towing Co.*, 313 F.2d 359, 362–63 (5th Cir. 1963) (Brown, J.) (affirming a default judgment against a claimant who failed to timely file a claim); *In re Petition of Holliday*, 2015 WL 3404469, at *1 (M.D. Fla. May 26, 2015) (Antoon, J.) (granting default judgment against any potential claimant who failed to file a claim).

Because Perez fulfilled the notice requirement of Rule F(4) and because no potential claimant (other than C. Roddey, B. Roddey, and Ace American Insurance

Company) filed a claim, Perez's motion (Doc. 30) is **GRANTED**.  The clerk is directed to enter judgment for Perez and against Capelato, C. Anthony, L. Anthony, Smith, Carter, and any claimant who failed to plead or otherwise defend.

ORDERED in Tampa, Florida, on August 17, 2015.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE